UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH A. THOMPSON, SR.,

    Plaintiff,

v.                                                                                                  Case No: 8:15-cv-2905-T-27JSS

HEALTHY HOME ENVIRONMENTAL,
LLC and MICHAEL W. HUDSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 13) and Plaintiff's Motion for Entitlement to and Award of Attorneys' Fees and Costs (Dkt. 14). The Court held an evidentiary hearing on this matter on July 26, 2016. For the reasons that follow, the Court recommends that Plaintiff's motions be granted.

## BACKGROUND

On December 21, 2015, Plaintiff, Keith A. Thompson Sr., filed his complaint against Defendants, Healthy Home Environmental, LLC ("Healthy Home") and Michael W. Hudson, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and breach of contract. (Dkt. 1.) Defendants were served with the Complaint on February 10, 2016, and February 19, 2016, respectively, and proofs of service were filed with the Court on March 16, 2016. (Dkts. 4, 5.) Defendants failed to answer the Complaint or otherwise defend this action. On April 21, 2016, Plaintiff filed a Motion for Default as to Healthy Home, and a Motion for Default as to Michael Hudson. (Dkts. 6, 7.) The Clerk of the Court entered defaults against each Defendant on April 22, 2016. (Dkts. 8, 9.)

Plaintiff now moves for default judgment against Defendants and requests $1,311.50 in damages, which represents $50.75 in unpaid wages, $50.75 in liquidated damages, and $1,210 in contractual damages.  (Dkt. 13.)  Plaintiff also seeks an award of $4,450 in attorneys' fees and $510 in costs as the prevailing party in this case.  (Dkt. 14.)  To date, Defendants have not appeared in this case, and no response or defense to this action has been filed.  Additionally, Defendants did not appear at the evidentiary hearing held before the undersigned on July 26, 2016.

**APPLICABLE STANDARDS**

### A.  Default Judgment

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought.  Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint).  If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the party entitled to judgment must apply to the district court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  A court may enter a default judgment against a defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

### B.  Attorneys' Fees

In determining the amount of attorneys' fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in

litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta J. & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

## ANALYSIS

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). However, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular

relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief and then determine the amount of damages.

**A.  Liability and Damages**

Counts I and II of Plaintiff's Complaint are claims for violations of the FLSA. Count I alleges that Defendants failed to pay Plaintiff minimum wages under the FLSA. (Dkt. 1, ¶¶ 44–58.) Count II alleges that Defendants failed to pay Plaintiff overtime wages under the FLSA. (Dkt. 1, ¶¶ 59–72.)

A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Plaintiff alleges facts supporting each element. (Dkt. 1, ¶¶ 10–42, 51–52, 61–65, 67.) Defendants, through their default, admit the well-pleaded allegations. *See Cotton*, 402 F.3d at 1278 (providing that a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.). Because Michael Hudson is the owner and operator of Healthy Home and had "operational control" over Plaintiff's employment, he is jointly and severally liable. (Dkt. 1, ¶¶ 9, 21–26.) *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ("[T]he FLSA contemplates that a covered employee . . . may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment.").

An employer under the FLSA is liable in the amount of unpaid minimum wages and unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. §

216(b); *see Joiner v. City of Macon*, 814 F.2d 1537, 1538–39 (11th Cir. 1987) (providing that "liquidated damages are mandatory absent a showing of good faith"). Plaintiff submits an affidavit identifying $50.75 in unpaid wages and an equal amount in liquidated damages. (Dkt. 1, ¶ 42; Dkt. 13, Ex. A.) *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66–67 (11th Cir. 1997) (providing that the court may award damages to an employee based on an approximation of unpaid wages due when an employer fails to present evidence of a precise amount of work performed). Upon consideration, the Court recommends that Plaintiff be awarded damages in the total amount of $1,311.50 under his claims for unpaid wages under the FLSA.

Count III of Plaintiff's Complaint is a claim for breach of contract under Florida law. (Dkt. 1, ¶¶ 73–89.) To prevail on a claim for breach of contract under Florida law, the plaintiff must establish the following elements: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co.*, LLC, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiff's breach of contract claim alleges that the parties entered into an oral employment agreement under which Defendants agreed to pay Plaintiff a weekly salary of $1,200. (Dkt. 1, ¶¶ 77–78.) Plaintiff alleges that Defendants breached that agreement by failing to pay him the amount due for each week of employment and that Plaintiff suffered damages in the amount of $1,210 as a result of Defendants' breach. (Dkt. 1, ¶¶ 82, 85–89; Dkt. 13-1.) Defendants, through their default, admit the well-pleaded allegations. Accordingly, the Court recommends that Plaintiff be awarded damages in the total amount of $1,210 under his claim for breach of contract.

**B. Attorneys' Fees**

Plaintiff's entitlement to attorneys' fees in this case requires that the Court determine whether Plaintiff is the prevailing party, whether the hourly rate requested is reasonable, and whether the number of hours expended on the litigation is reasonable. After determining the

amount of attorneys' fees, the Court must determine Plaintiff's taxable costs under 28 U.S.C. § 1920.

In addition to any judgment awarded to the plaintiff, the FLSA provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The entry of a default judgment entitles a plaintiff to mandatory reasonable attorneys' fees and costs under the FLSA. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs."). Costs are limited to those permitted under 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Additionally, Florida Statutes Section 448.08 allows the court to award costs and reasonable attorneys' fees to the prevailing party in an action for unpaid wages. § 448.08, Fla. Stat. (2016); *See Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1322 (11th Cir. 2001) (providing that money owed to an employee under an employment contract constitutes wages under Section 448.08). In this case, it is recommended that Plaintiff be awarded his reasonable attorneys' fees and costs as the prevailing party upon the entry of default judgment in Plaintiff's favor.

### 1. Reasonable Hourly Rate

Plaintiff seeks an award of $4,450 in attorneys' fees for 13.80 hours reasonably expended by attorneys Jeremiah J. Talbott and Tyler L. Gray. (Dkt. 14.) Specifically, Plaintiff requests an hourly rate of $350 for attorney Jeremiah Talbott and an hourly rate of $300 for attorney Tyler Gray. (Dkt. 14.) In support of these requests, Plaintiff submits the affidavit of Mr. Talbott (Dkt. 14, Ex. A), the affidavit of Mr. Gray (Dkt. 14, Ex. B), the declaration of John C. Davis (Dkt. 14, Ex. C), and time records (Dkt. 14, Ex. A).

Mr. Talbott requests an hourly rate of $350 in this case.  In his affidavit, Mr. Talbott states that he has approximately eighteen years of legal experience and has extensive experience litigating wage and hour lawsuits in federal court.  Mr. Talbott states that he has filed more than 130 cases in federal court, many of which include cases under the FLSA.  (Dkt. 14, Ex. A.)

Plaintiff requests an hourly rate of $300 for attorney Tyler Gray.  In his affidavit, Mr. Gray states that he has approximately eight years of legal experience.  (Dkt. 14, Ex. B.)  In Mr. Talbott's affidavit, he states that Mr. Gray's work should be based on a higher rate of $300 per hour.  Mr. Talbott states that all of Mr. Gray's work was supervised and edited by Mr. Talbott, but Mr. Talbott did not duplicate the time for which he edited and counseled Mr. Gray's work.  (Dkt. 14, Ex. A.)

Plaintiff also submits the declaration of John C. Davis, an employment law attorney with more than twenty-five years of legal experience.  (Dkt. 14, Ex. C.)  In his declaration, Mr. Davis states that he has "gained extensive knowledge as to the prevailing party attorney fees in employment cases," including the reasonable fees awarded in the Middle District for employment cases.  (Dkt. 14, Ex. C, ¶ 3.)  Mr. Davis further states that he has known Mr. Talbott and Mr. Gray in a professional capacity and has knowledge as to their experience, ability, and reputation.  He opines that the rates requested by Mr. Talbott and Mr. Gray are reasonable and consistent with the rates awarded in the Middle District, stating that "the requested rate for hourly compensation is in line with the prevailing market rate for the work performed."  (Dkt. 14, Ex. C, ¶ 12.)

The rate requested by Mr. Talbott reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *See McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *7 (M.D. Fla. Aug. 28, 2014) (finding that a rate of $350 per hour was reasonable for an attorney with eighteen years of experience); *Andrike v. Maple Way Cmty., Inc.*, No. 8:11-CV-1939-T-24,

2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (finding that a rate of $325 per hour was reasonable for an attorney with twelve years of experience). Therefore, the Court finds that an hourly rate of $350 for Mr. Talbott is reasonable in this case.

However, the Court finds that the rate requested by Mr. Gray falls at the higher end of hourly rates found to be reasonable in the Middle District for lawyers of reasonably comparable skills, experience, and reputation. *See Sheppard v. Hillsborough Cty. Sheriff's Office*, No. 8:11-CV-02043-T-27, 2013 WL 6116813, at *2 (M.D. Fla. Nov. 20, 2013) (reducing the hourly rate from $300 per hour to $225 per hour for an attorney with five years of litigation experience); *Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-CV-666-T-27TGW, 2013 WL 6047020, at *2 (M.D. Fla. Nov. 13, 2013) (concluding that a rate of $300 per hour was reasonable for a board-certified attorney with thirty-eight years of experience in employment litigation); *Lewis v. Fla. Default Law Grp., P.L.*, No. 8:10-cv-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (reducing the hourly rate from $400 per hour to $300 per hour for an attorney with twenty years of experience). Upon consideration, the Court finds that an hourly rate of $250 for Mr. Gray is reasonable in this case.

**2. Hours Reasonably Expended**

Plaintiff asserts that Mr. Talbott reasonably expended 6.20 hours on this litigation, while Mr. Gray reasonably expended 7.60 hours. (Dkt. 14, Exs. A, B.) Upon review of the time records, the charges do not appear excessive, redundant, or otherwise unnecessary. Based on the foregoing, the lodestar for Mr. Talbott's fees is the reasonable hourly rate of $350 multiplied by the 6.20 hours reasonably expended, totaling $2,170. The lodestar for Mr. Gray's fees is the reasonable hourly rate of $250 multiplied by the 7.60 hours reasonably expended, totaling $1,900. Therefore, the total lodestar amount is $4,070.

### 3. Adjustments to Lodestar

Plaintiff does not request either an upward or downward adjustment to the lodestar. (Dkt. 14 at 11–12.) Therefore, the Court will not adjust the lodestar.

### C. Costs

Plaintiff seeks an award of $510 in costs, which includes costs for the filing fee ($400) and service of process on both Defendants ($110). (Dkt. 14, Ex. A.) Both of these categories of costs are permitted under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs); *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server fees may be taxed as costs pursuant to 28 U.S.C. § 1920(1)). Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 13) be **GRANTED** and the Clerk be directed to enter judgment in favor of Plaintiff, Keith A. Thompson Sr., against Defendants, Healthy Home Environmental, LLC and Michael Hudson, in the amount of $1,311.50.

2. Plaintiff's Motion for Entitlement to and Award of Attorneys' Fees and Costs (Dkt. 14) be **GRANTED** to the extent that the Clerk be directed to award Plaintiff his reasonable attorneys' fees in the amount of $4,070 and costs in the amount of $510 to be taxed against Defendants, Healthy Home Environmental, LLC and Michael Hudson, upon

entry of final judgment in favor of Plaintiff.

**IT IS SO REPORTED** in Tampa, Florida, on July 27, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James D. Whittemore
Counsel of Record
Unrepresented Parties