UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH A. THOMPSON, SR.,

    Plaintiff,

v.                                                             Case No: 8:15-cv-2905-T-27JSS

HEALTHY HOME ENVIRONMENTAL,
LLC and MICHAEL W. HUDSON,

    Defendants.
_____/

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Responses to Collection Interrogatories and Collection Request for Production ("Motion"). (Dkt. 33.) Upon consideration and for the reasons explained below, the Motion is granted.

**BACKGROUND**

On August 23, 2016, judgment was entered against Defendants in the amount of $5,891.50. (Dkt. 22.) On June 20, 2017, Plaintiff served Collection Interrogatories and Collection Requests for Production on Defendants pursuant to Federal Rule of Civil Procedure 69. (Dkt. 33-1.) On November 17, 2017, after Defendants failed to respond to the discovery requests, Plaintiff filed his Motion. (Dkt. 33.) Defendants' response to the Motion was due December 1, 2017. When Defendants did not file a response by that date, the Court ordered Defendants to file a response on or before December 14, 2017 and advised Defendants that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 34.) To date, Defendants have failed to file a response to the Motion.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

Despite the Court's Order directing Defendants to respond to the Motion by December 14, 2017, Defendants have failed to file a response. Consequently, the Court presumes Defendants have no objection to Plaintiff's Motion. *See* M.D. Fla. Local R. 3.01(b). Further, all litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is represented by an attorney. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Responses to Collection Interrogatories and Collection Request for Production (Dkt. 33) is **GRANTED**.

2. Defendants shall serve their discovery responses and produce all documents responsive to Plaintiff's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on December 18, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party